# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE MABRY, #B12838, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-01343-NJR |
| DR. DAVID and WEXFORD HEALTH SOURCE, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Willie Mabry, an inmate of the Illinois Department of Corrections who is currently incarcerated at Shawnee Correctional Center ("Shawnee"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations of his Eighth Amendment rights at Shawnee. (Doc. 1). Plaintiff claims that he was denied adequate medical care for a serious back injury he sustained at the prison on May 18, 2018. (Doc. 1, pp. 2-5). The denial of medical care allegedly exacerbated his injuries and resulted in severe pain. *Id*. Plaintiff now seeks monetary damages and injunctive relief against Doctor David and Wexford Health Source. (Doc. 1, pp. 5-6). In addition to the Complaint, Plaintiff filed a Motion for Preliminary Injunction, in which he seeks a diagnosis and treatment of his injuries with a specialist.[1] (Doc. 3).

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in

---

[1] The Warden of Shawnee Correctional Center will be added as a defendant, in his or her official capacity, for the sole purpose of carrying out any injunctive relief that is ordered. *See* FED. R. CIV. P. 17(d), 21; *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

1

> which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the allegations in the Complaint, Plaintiff sustained a serious back injury while deadlifting without a belt at Shawnee on May 18, 2018. (Doc. 1, p. 2). Plaintiff requested medical treatment for his injury on May 23, 2018. (Doc. 1, p. 3). Doctor David examined Plaintiff and diagnosed him with muscle spasms. *Id*. At some point, Doctor David also ordered an x-ray and diagnosed Plaintiff with arteritis.[2] *Id*.

---

[2] Arteritis is also known as vasculitis, a medical condition that is characterized by inflammation of the blood vessels that causes thickening, weakening, narrowing, or scarring of the vessel walls. These changes restrict blood flow and cause organ or tissue damage. *See* https://www.mayoclinic.org/diseases-conditions/vasculitis/symptoms-causes.

Plaintiff was given pain medication and crutches, both of which proved to be ineffective. (Doc. 1, p. 3). He cannot walk, sit, stand, or sleep without experiencing severe pain. *Id*. Plaintiff's back pain causes him to lean on his left leg, which is fitted with a rod. *Id*. This practice has not only exacerbated Plaintiff's back pain but also has caused him to suffer from left leg pain. *Id*.

Plaintiff has repeatedly returned to the health care unit in search of a diagnosis and proper treatment, without receiving additional treatment or a treatment plan. (Doc. 1, p. 4). He was recently denied a refill of his pain medication. *Id*. Plaintiff now seeks an evaluation and treatment with an outside specialist. (Doc. 1, pp. 4-6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Complaint into the following count:

> **Count 1:** Eighth Amendment deliberate indifference to medical needs claim against Defendants for failing to properly diagnose and treat the back injury that Plaintiff sustained at Shawnee on May 18, 2018.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit. **Any claims that are encompassed by the allegations in the Complaint but not identified above are considered dismissed without prejudice from this action for failure to meet the *Twombly* pleading standards.**

Prison officials violate the Eighth Amendment when they respond to a prisoner's serious medical condition with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir.

2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The allegations satisfy the objective and subjective component of this claim against Doctor David at screening. Accordingly, Count 1 shall receive further review against this defendant.

Plaintiff also names Wexford as a defendant but does not mention this defendant in the statement of his claim. Merely invoking the name of a potential defendant is insufficient to state a claim against the defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff cannot rely on a theory of *respondeat superior* when bringing a claim against Wexford under Section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). In the Seventh Circuit, a private corporation will generally only be held liable under Section 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). The Complaint describes no such policy or custom attributable to Wexford. Accordingly, Count 1 does not survive screening against Wexford Health Source and shall be dismissed without prejudice.

**Pending Motions**

Plaintiff filed a Motion for Preliminary Injunction (Doc. 3) and a Motion to Appoint Counsel (Doc. 4). Both motions shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson**.

**Disposition**

The Clerk is **DIRECTED** to **ADD** the **WARDEN OF SHAWNEE CORRECTIONAL CENTER (official capacity only)** as a defendant for the sole purpose of carrying out any injunctive relief that is ordered.

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening and will receive further review against Defendant **DOCTOR DAVID**. This claim is **DISMISSED** without prejudice against Defendant **WEXFORD HEALTH SOURCE** for failure to state a claim upon which relief may be granted.

**AS TO COUNT 1**, the Clerk of Court shall prepare for Defendants **WARDEN OF SHAWNEE CORRECTIONAL CENTER (official capacity only)** and **DOCTOR DAVID**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Preliminary Injunction (Doc. 3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including Plaintiff's Motion for Preliminary Injunction (Doc. 3), which shall be addressed as soon as practicable, and Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 2, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**