IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE MABRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-CV-1343-NJR-DGW |
| | ) |
| DR. DAVID[1] and | ) |
| WARDEN OF SHAWNEE | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of Magistrate Judge Donald G. Wilkerson regarding Plaintiff Willie Mabry's Motion for Preliminary Injunction (Doc. 35), as well as for case management purposes.

Mabry filed this action on July 2, 2018, pursuant to 42 U.S.C. § 1983, alleging Defendant Dr. Alfonso David violated his constitutional rights (Doc. 1). Specifically, Mabry is proceeding on one Eighth Amendment claim for deliberate indifference to his medical needs against Dr. David (*Id.*). Along with his complaint, Mabry filed a Motion for Preliminary Injunction asking the Court to order Defendants to provide him with immediate medical treatment (Doc. 3). The Warden of Shawnee Correctional Center was added as a defendant solely to implement any injunctive relief ordered (Doc. 8).

In his Report and Recommendation, Magistrate Judge Wilkerson recommends that the undersigned find Mabry's Motion for Preliminary Injunction moot because

---

[1] The Clerk's Office is **DIRECTED** to correct Dr. David's name to Dr. Alfonso David on the docket.

Page **1** of **5**

Mabry is no longer incarcerated. Indeed, public records available from the Illinois Department of Corrections indicate that Mabry was released on parole on October 5, 2018.[2] Thus, Defendants would be unable to implement any injunctive relief ordered by the Court, and the motion is moot. Objections to the Report and Recommendation were due December 26, 2018. No objections were filed.

Because no party has filed an objection, the undersigned District Judge need not undertake *de novo* review. 28 U.S.C. § 636(b)(1)(C); *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999). Instead, the Court should review the Report and Recommendation for clear error. *Johnson*, 170 F.3d at 739. The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. The undersigned accordingly **ADOPTS** the Report and Recommendation (Doc. 35) and **DENIES as moot** Mabry's Motion for Preliminary Injunction (Doc. 3).

Furthermore, the Court finds this case should be dismissed entirely for Mabry's failure to prosecute. The Court warned Mabry on two occasions of his continuing obligation to keep the Clerk of Court informed of any change in his address (Docs. 5, 11). Mabry was cautioned that his failure to do so may result in dismissal of his case (*Id.*). Nevertheless, Mabry has failed to provide the Court with an updated address. In fact,

---

[2] *See* Illinois Inmate Locator, https://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Dec. 27, 2018).

Mabry has not filed anything with the Court since July 2018, and at least two Court orders mailed to Mabry have been returned as undeliverable (*see* Docs. 31, 32).

Consequently, this action is **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with a court order. Despite the dismissal, Mabry remains responsible for paying the entire $350 filing fee.

### NOTICE

If Mabry wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Mabry chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Mabry files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Mabry wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Mabry showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Mabry chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Mabry cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP") along with a recent statement from his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues

Mabry plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   December 28, 2018**

_s/Nancy J. Rosenstengel_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**